PER CURIAM.
Appellant’s drivers license was suspended for one year by the Department of Public Safety of the State of Florida, effective March 27, 1961. The reason given was: “Incompetent — Incapable of operating a motor vehicle safely — subject to seizures.” The action was taken pursuant to a policy of the Department of Public Safety to withhold licenses from such persons (by successive one year suspensions) until they go two years without a seizure. Appellant petitioned the circuit court for restoration of his license.[1] The court heard the cause and denied the petition upon determining there was “no showing to this court that the petition should be granted.” On his *531 petition the appellant had presented evidence and arguments to dispute the administrative finding that he was incompetent to drive; representing that his seizures occurred only at night, at which time he did not drive, and then only when he neglected preventive medication. There was evidence, however, that he had failed to take medication on occasions, and that he had experienced a seizure or what appeared to be such a seizure once in the daytime while driving. The trial judge before whom the matter was heard had the duty to determine the credibility, reasonableness and weight of the evidence presented. Our examination of the record shows the decree appealed from was supported by competent substantial evidence, and that the conclusions of the trial judge were not erroneous in fact or in law.
Affirmed.

. Section 322.31, Fla.Stat., F.S.A., giving a right to petition the circuit court for a hearing de novo, in effect at the time, was the basis for the petition in this case. But see § 6, Ch. 61 — 457, Laws of Florida 1961, which now provides for review of orders for cancellation, suspension or revocation of such licenses by writ of certiorari in the circuit court.